**YONG JIANG, Petitioner,**

v.

**Eric H. HOLDER, Jr.[1], Attorney General, Respondent.**

No. 08–2575–ag.

United States Court of Appeals, Second Circuit.

March 13, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Margaret Perry, Senior Litigation Counsel, Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Yong Jiang, a native and citizen of the People's Republic of China, seeks review of a May 2, 2008 order of the BIA affirming the July 5, 2006 decision of Immigration Judge ("IJ") Noel Brennan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Jiang,* No. A200 025 508 (B.I.A. May 2, 2008), *aff'g* No. A200 025 508 (Immig. Ct. N.Y. City July 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we may re-

1. Automatic Substitution

view the entire IJ decision and need not confine our review to the grounds expressly addressed by the BIA. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). Thus, we dispose of Jiang's petition on credibility grounds.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–*, 24 I. & N. Dec. 260, 265 (BIA 2007).

Here, the IJ's adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008). The IJ properly found implausible that Jiang would "proselytize" on behalf of Falun Gong for five years in China without ever having practiced it.[2] *See Ying Li v. Bureau of Citizenship and Immigration Services*, 529 F.3d 79, 82 (2d Cir.2008).

The IJ also properly relied on other inconsistencies in the record, including inconsistencies between Jiang's testimony and his father's affidavit. Contrary to Jiang's argument that any inconsistencies were minor, under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum

applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original). Here, considering the cumulative effect of the inconsistencies present in the record, the agency reasonably concluded that Jiang was not credible. *See id.* Having called Jiang's credibility into question, the IJ did not err in finding that Jiang's failure to provide corroborating evidence rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Moreover, it was within the IJ's discretion to give little weight to the "Village Letter" that Jiang submitted to corroborate his testimony. *See id.* at 342 (finding that the weight afforded to evidence "lies largely within the discretion of the IJ").

Because the only evidence of a threat to Jiang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief, all of which were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** Jiang failed to raise before the BIA his argument that the IJ did not provide him with the opportunity to explain why he did not practice Falun Gong in China. In any event, at the conclusion of the merits hearing, the IJ expressed his concern that Jiang had not practiced Falun Gong in China, and Jiang's counsel responded to these concerns in his closing statements.